Ruffin, C. J.
 

 There seems to be nothing in the objection raised in the answers ; for at most it ought only to affect the costs, and they are payable by the petitioners at all events under the statute. Indeed, an agreement between the petitioners and two of the defendants, as to direction and size of the canal through their respective tracts of land, would not be material in respect to the proprietors of the other tracts, and the petition would, therefore, be unavoidable. The statements in the petition are, probably, too vague in respect to the
 
 termini
 
 of the proposed canal, and the ownership and description of the parcel or parcels of land, through which the petitioners desire to drain ; and, perhaps, it would be difficult to support a title by means of an inquisition taken under it, without giving it more precision by an amendment. But the Court does not consider that point: since, whether the petition be sufficient or not, the decision of the County Court is not subject to review upon appeal, and the Superior Court has no jurisdiction to entertain the case upon its merits in point of fact. The case of
 
 Collins
 
 v.
 
 Haughton,
 
 4 Ired. 420, establishes, that the inquisition must be exclusively under the order of the County Court, and that no appeal lies in a case of this sort under the act.
 
 Rev. Stat. ch.
 
 40. His Honor ought not, therefore, to have entertained the appeal, but have dismissed it, as having been improvidently allowed. Instead of doing so, however, the Court proceeded to determine the merits
 
 de novo
 
 upon the matters of fact and law. In doing so there was error, according to the case cited, and, as we think, the proper construction of the act. The opinion of
 
 *126
 
 the Court, therefore, is, that the order of the Superior Court ought to be reversed. This will be certified to that Court, to the end that the appeal be there dismissed and a.
 
 procedendo
 
 awarded to the County Court.. _
 

 Per Curiam. Ordered accordingly.